No. 84-63

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

THE GRAND COMPANY, a corporation,

Plaintiff and Respondent,

-vs-

JIM SLACK & ASSOCIATES, INC.,
a corporation, WELLS FARGO
TRAVEL AGENCY, INC., d/b/a
WORLD CLASS TRAVEL, a corporation,
WESTERN AGENCY, a corporation,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Parker, Sweeney, Healow & Lee, Billings, Montana

For Respondent:

Moulton, Bellingham, Longo & Mather; Ward Swanser,
Billings, Montana

---

Submitted on Briefs: April 19, 1984

Decided: August 28, 1984

Filed: AUG 28 1984

*Ethel M. Harrison*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from a judgment of Yellowstone County District Court awarding The Grand Company ("Grand") restitution of premises and damages pursuant to a commercial lease. The District Court additionally held that appellant ("Slack") was not entitled to relief from forfeiture and was not entitled to tender into court the amount of damages in accordance with section 70-27-205(3), MCA. The District Court further held that Slack was not entitled to relief from hardship pursuant to section 70-27-210, MCA.

On March 14, 1981, The Grand Company and Jim Slack & Associates entered into a five-year lease agreement which provided for two additional five-year terms. The lease was for certain office space in downtown Billings, Montana. Part of the space rented was to be improved by the lessee, Slack, and Slack did expend at least $70,000 on improvements.

Slack failed to make the July 1, 1983, monthly rental payment. In accordance with the terms of the lease, a notice of default was sent by Grand to Slack. This was followed by a three-day notice to quit. After Slack tendered a check that was returned for insufficient funds, Grand sent a notice indicating it was terminating the lease agreement. When Slack refused to give up the premises, Grand filed an unlawful detainer complaint on August 25, 1983. On September 14, 1983, Slack attempted to settle the action by offering to remit all outstanding rent and costs to Grand. Grand refused the offer, trial was held and judgment entered in favor of Grand on December 15, 1983.

As part of its findings of fact and conclusions of law, the District Court found that the lease was terminated by the

2

notice of termination dated August 10, 1983. Furthermore, the court found that since the lease was terminated according to its terms prior to initiation of the action, the lessee, Slack, had no rights to relief from forfeiture under section 70-27-205(3), MCA, or relief from hardship pursuant to section 70-27-210, MCA.

Slack raises the following appealable issues:

1. Did the District Court err in its finding that since the lease was terminated prior to the time of bringing this action, Slack has no right to relief from forfeiture or hardship under sections 70-27-205(3) and 70-27-210, MCA?

2. Did the District Court err in awarding attorney fees to Grand?

3. Does Slack have an obligation to pay rent and other charges during the pendency of this action?

I

The first issue is whether the District Court erred in its judgment for restitution of premises with regard to whether Slack was entitled to relief under sections 70-27-205(3) and 70-27-210, MCA. The pertinent portions of the judgment are as follows:

> "6. That Defendant is not entitled to relief from forfeiture and is not entitled to tender into Court the amount of damages in accordance with Section 70-27-205(3), MCA.

> "7. That since the lease was terminated prior to bringing the unlawful detainer action, Defendant is not entitled to reinstate the lease by payment of the amount due and owing as rental payments and is not entitled to relief from hardship in accordance with Section 70-27-210, MCA."

Section 70-27-205(3), MCA, reads:

> "(3) When the proceeding is for an unlawful detainer after default in the payment of the rent and the lease or agreement under which the rent is payable has not by its terms expired, execution upon the judgment shall not be issued until the expiration of 5 days after the entry of the judgment, within which time the tenant or any subtenant or any mortgagee of the term or other party interested in its continuance may pay into court for the landlord the amount found due as rent with interest thereon and the amount of damages found by the jury or the court for the unlawful detainer and the costs of the proceeding, and thereupon the judgment shall be satisfied and the tenant be restored to his estate; but if payment, as here provided, be not made within the 5 days, the judgment may be enforced for its full amount and for the possession of the premises. In all other cases the judgment may be enforced immediately."

In order to bring a party under the protection of the statute, (a) the proceeding must have been for unlawful detainer after default in payment of rent; (b) the lease under which the rent was payable must not have by its terms expired; and (c) payment of rent, interest, damages and costs must be paid into court within five days of entry of judgment.

Since this was an unlawful detainer action, part (a) is satisfied. An element at issue is whether part (b) is satisfied. The District Court held that the lease had been terminated pursuant to its terms before the unlawful detainer action was brought and, therefore, Slack is not afforded the benefit of the statute. We do not agree and, accordingly, reverse.

Slack argues persuasively that the court should distinguish a lease which has expired under its terms from one which has been terminated for default on rental payments. We

4

agree. The lease at issue does not "expire" under its terms until five years from the date Grand and Slack entered into the agreement. That five-year period has not yet expired. The lease, however, could be "terminated" according to its terms for default in rental payments. Termination of a lease under these circumstances is an event which occurs at any time prior to the natural expiration of the lease under its terms. In fact, the statute itself recognizes such a distinction. It provides relief from judgment when the proceeding is for unlawful detainer after default in rental payments and when the lease has not by its terms expired. If it is determined that a lease expires upon default in rental payments, virtually no lessee would be able to avail himself of the protective statutes. It was clearly not the intent of the legislature to enact protective legislation and yet set such stringent requirements so as to preclude any party from availing himself of its protection. The legislature obviously offered a second chance to anyone in default in rent under the terms of the lease during the natural life of the lease. Accordingly, we hold that Slack qualifies under part (b) of the elements required.

The third requirement for coming under the protection of the statute (part (c) above) is that Slack pay into court within five days after entry of judgment the rental due with interest thereon, damages for unlawful detainer and costs. This Slack did not do. However, in its conclusions of law, the District Court stated:

> "That Defendant is not entitled to relief from forfeiture and is not entitled to tender into Court the amount of damages in accordance with Section 70-27-205(3), MCA."

5

Under the circumstances, Slack cannot be penalized for not paying the amount of the judgment into the court. To do so would have been in contempt of court. Counsel for Slack took the correct approach of appealing the matter to this Court. Since Slack has either met the requirements of the statute or was prevented from doing so by the District Court, we hold that it is entitled to the benefits of the statute.

## II

The District Court also held that Slack was not entitled to relief from forfeiture due to hardship pursuant to section 70-27-210, MCA. This statute provides:

> "Relief against forfeiture of lease in case of hardship. (1) The court may relieve a tenant against a forfeiture of a lease and restore him to his former estate in case of hardship where application for such relief is made within 30 days after the forfeiture is declared by the judgment of the court, as provided in 70-27-205."

The court held that relief was not available under this statute for the same reason it was not available under section 70-27-205(3): that the lease was terminated prior to the time the unlawful detainer action was instituted.

The District Court in its findings of fact found that Slack made improvements to the leased premises in the amount of "at least $70,000.00." Under these circumstances, we can find no reason why Slack was not permitted to file a petition for relief under this statute. Accordingly, we reverse the District Court's ruling regarding section 70-27-210, MCA.

## III

The second issue is whether the District Court erred in awarding attorney fees to Grand.

6

The clause in the lease which provides for attorney fees is as follows:

> "Section 9.04: Miscellaneous Default Clauses. In the event of breach of this lease, the party at fault shall and will pay to the other party all costs, reasonably [sic] attorneys' fees and other expenses which may be incurred by the said other party in enforcing his or its rights hereunder."

Slack admitted fault and on September 14, 1983, offered to pay all back rent, interest, attorney fees and costs. Grand refused payment and elected to proceed to trial. We note that the clause states that the party "at fault" shall pay. In this case, Slack was "at fault" until September 14, 1983, when it offered to pay all amounts due plus fees and costs. Since Grand rejected the offer, proceeded to trial and did not prevail on appeal, we hold that Grand is only entitled to attorney fees on this matter through September 14, 1983. On the other hand, Slack, though unsuccessful at the trial court level, has prevailed on appeal to the extent that we hold it is entitled to access to the protective statutes. Slack must now pay exactly what it offered to pay on September 14, 1983, to wit: Past due rent plus interest, fees and costs. Under these circumstances, Slack should not be charged with Grand's fees and costs past September 14, 1983.

In summary, we hold Slack to be financially responsible for (1) all past due rent from date of default to date and interest thereon according to the terms of the lease; and (2) attorney fees and costs of Grand with regard to this matter through September 14, 1983.

## IV

Slack also argues that there is no obligation to pay the judgment due to "plaintiff's persistent and unjustified pursuit of remedies to which it was not entitled but which would only unjustly enrich it. . ."

We find this argument to be without merit and nonpersuasive. We do not herein hold that Grand improperly brought the unlawful detainer action. We simply find that Slack should have been permitted to avail himself of the protection offered by the statutes.

We reverse and remand to the District Court for a hearing to determine the amounts due The Grand Company in accordance with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

8